## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DALE LEE CRAWFORD,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-1753-G-BH |
| | ) | No. 3:03-CR-0067-G |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **GRANTED**, the sentence should be vacated, and the movant should be re-sentenced.

### I.  BACKGROUND

Dale Lee Crawford (Movant) challenges his federal conviction and sentence in Cause No. 3:03-CR-67-G.  The respondent is the United States of America (Government).

By indictment filed on March 26, 2003, Movant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). (*See* doc. 1.)[1] He pled guilty on June 8, 2004. (*See* doc. 33.) On July 20, 2004, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2003 United States Sentencing Guidelines Manual (USSG). (*See* doc. 66 at 7, ¶ 23.) It found that Movant's federal conviction under 18 U.S.C. § 924(e) subjected him to an enhanced sentence as an armed career criminal based on seven prior violent felony convictions for burglary, resulting in a total offense level of 30. (*See id*. at 8, ¶¶ 27, 29; 40.)  With a criminal history category of six, the resulting guideline range was 180-210 months'

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:03-CR-67-G.

imprisonment, and the statutory minimum was 180 months' imprisonment. (*See id*. at 21, ¶ 73.) On September 1, 2004, Movant was sentenced to 180 months' imprisonment. (*See* doc. 42 at 2.) His appeal was dismissed as raising no nonfrivolous issues. (*See* doc. 57); *United States v. Crawford*, No. 04-11067 (5th Cir. Apr. 20, 2005).

Movant claims that his sentence was improperly enhanced because Texas burglary is not equivalent to generic burglary under the Armed Career Criminal Act (ACCA). (*See* 3:16-CV-1753-G, doc. 1 at 7.) The Government filed a response on July 23, 2018. (*See id.,* doc. 9.)[2]

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine,

---

[2] The Government does not argue that the § 2255 motion challenging the 2004 conviction and sentence is barred by the statute of limitations under 28 U.S.C. § 2255(f).

"to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. ARMED CAREER CRIMINAL ACT

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of] the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows"
>
>> any crime punishable by imprisonment for a term exceeding one year ... that—
>>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).

*Johnson v. United States*, 135 S.Ct. 2551, 2555-56 (2015). Subsection (i) is known either as the force clause, *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017), or as the elements clause, *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). The offenses listed in subsection (ii) are referred to as the "enumerated offenses," *see United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007), and the part that lists those offenses is known as the "enumerated offenses clause," *Taylor*, 873 F.3d at 477 n.1. The remainder of subsection (ii) is known as the "residual clause." *Johnson,* 135 S.Ct. 2555-56.[3]

---

[3] *Johnson* held that the imposition of an increased sentenced under ACCA's residual clause violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Id.* at 2563. This holding is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). After *Johnson*, a crime is a violent felony under ACCA only if it is one of the enumerated offenses, or if it qualifies under the force clause.

ACCA does not include every variant of an enumerated offense, but only the "usual" or "'generic' version of the listed offense—i.e., the offense as commonly understood." *Mathis v. United States*, 136 S.Ct. 2243, 2247-48 (2016) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). "Generic burglary" is "a crime 'contain[ing] the following elements: unlawful or unprivileged entry into ... a building or structure, with intent to commit a crime.'" *Id.* at 2248; *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008). In order for Movant's burglary conviction under Texas law to qualify as a violent felony under ACCA's enumerated offenses clause, it must include the elements of generic burglary. *See id.*[4]

### IV. TEXAS BURGLARY STATUTE

The Texas burglary statute under which Movant was convicted provided in part:

A person commits an offense if, without the effective consent of the owner, the person:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code § 30.02(a).

When Movant was sentenced in 2004, case authority in the Fifth Circuit provided that Texas burglary under all three subsections of § 30.02(a) was the equivalent of generic burglary. *See United*

---

*United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam).

[4] The Fifth Circuit has held that Texas burglary does not qualify as a violent felony under ACCA's force clause because it does not have as an element the use, attempted use, or threatened use of physical force. *See United States v. Islas-Saucedo*, 903 F.3d 512, 519 (5th Cir. 2018); *United States v. Castaneda*, 740 F.3d 169, 172 (5th Cir. 2013).

*States v. Weise*, 896 F.3d 720, 725 (5th Cir. 2018) (citing *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992) and *United States v. Stone*, 72 F. App'x 149, 150 (5th Cir. 2003)). In light of the Supreme Court's decision in *Mathis*, however, the Fifth Circuit recently reconsidered that issue in part in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018).

Noting that the Texas burglary statute "is alternatively phrased, comprised of a list of several disjunctive subsections," the Fifth Circuit began its analysis in *Herrold* by considering whether the first and third subsections of the statute were "divisible" or "indivisible." *Id.* at 521. Whether the statute setting out the offense of conviction is "divisible" or "indivisible" determines the "appropriate analytical track" for deciding whether a defendant has been convicted of a violent felony under ACCA. *See id.* at 521-22.

A statute that "sets forth alternative means of committing a single substantive crime" is "indivisible." *Id.* at 521. If the statute is "indivisible," courts apply the categorical approach, which requires comparison of "the whole thing to its federal generic counterpart and determin[ation] of whether any part falls outside the federal template." *Id.* at 521-22. If any of the subsections is broader than generic burglary, then the offense does not qualify as a violent felony, and a conviction for that offense cannot be used for enhancement under ACCA. *Id.* at 530-31. A "divisible" statute sets forth "separate elements, effectively defining distinct offenses." *Id.* at 521-22. When a statute is "divisible," courts apply the modified categorical approach, which requires "isolat[ion] of the alternative under which the defendant was convicted and appl[ication of] the federal template to only that alternative." *Id.* at 522.

Based on *Mathis*, the Fifth Circuit looked to state court decisions to determine whether a jury was required to unanimously agree on the subsection of the statute that the defendant violated in

order to decide whether the Texas burglary statute was divisible or indivisible. *Id.*[5] If a jury did not need to unanimously agree, then the subsections of the statute set out alternative means of committing a single offense, making it indivisible. *Id.* If the jury was required to unanimously agree, however, then the subsections set out separate offenses comprised of distinct elements, making the statute divisible. *Id.* The Fifth Circuit examined several state cases and concluded that Texas courts had repeatedly held that a jury was not required to unanimously agree on the subsection that the defendant violated in order to sustain a conviction under the burglary statute. *Id.* at 523-26 (citing *Martinez v. State*, 269 S.W.3d 777, 783 (Tex. App. – Austin 2008, no pet.).[6] It held that the Texas burglary statute set out one offense with separate means of committing burglary, making the first and third subsections of the statute indivisible, so it was required to use the categorical approach to decide whether a conviction under either subsection qualified as a violent felony. *Id.* at 522-23, 529, 530-31.

The Fifth Circuit then proceeded to compare the third subsection of the Texas burglary statute to generic burglary. *Id.* at 531. It found that ACCA's definition of generic burglary required intent to commit a crime *when* a defendant made an unauthorized entry into or remained in the building without authorization. *Id.* Because § 30.02(a)(3) of the Texas statute did not contain any textual requirement that a defendant have the intent to commit a crime contemporaneously with the unauthorized entry or unauthorized remaining in the building, and Texas courts had repeatedly found

---

[5] The Fifth Circuit noted that it could also look at the text of the statute to determine whether it listed different punishments for each of its alternatives, or whether it simply listed elements that were required to be charged and means that were not required to be charged. *Id.* at 522. If neither state law nor the text failed to answer the question, then the court could look at the record of prior convictions "for the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." *Id.*

[6] In so finding, the court disagreed with prior decisions relying on different cases that were "not 'ruling[s] of th[e] kind' deemed relevant by the *Mathis* Court, [and which could not] resolve the divisibility question. *Id.* at 523-24.

that a defendant could form the intent to commit a crime after unauthorized entry under that subsection, the court found that it was "plainly" broader than generic burglary. *Id*. at 531, 536-37. Accordingly, the Fifth Circuit held that convictions under the third subsection of the Texas burglary statute did not qualify as violent felonies under ACCA's enumerated offenses clause for purposes of sentence enhancement.[7] *See id*. at 536-37; *see also United States v. Castro*, ___ F. App'x ___, No. 17-50447, 2018 WL 4870859 at *1 (5th Cir. Oct. 8, 2018) (finding that a § 2255 movant's burglary convictions under § 30.02(a)(1) could not "serve as ACCA predicate convictions because the Texas burglary statute is indivisible and a conviction under § 30.02(a)(3) does not qualify as generic burglary).

Based on *Herrold*, Movant's Texas burglary conviction no longer qualifies as a violent felony under ACCA. The Government concedes that *Herrold* controls this case and requires that Movant's sentence be vacated. (*See* doc. 9 at 1, 2, 5-6.)

## V. REQUEST FOR STAY

Notwithstanding its concession, the Government argues that *Herrold* was wrongly decided and seeks to preserve its argument for further review by the Fifth Circuit or the Supreme Court. (*See id*. at 5-6, 10.) It also seeks a stay pending the petition for writ of certiorari filed in *Herrold*. (*See id*. at 5-6.)

Even where the Supreme Court has granted certiorari, the Fifth Circuit's decision is binding. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). The Fifth Circuit has denied the Government's motions to stay other cases controlled by *Herrold*. *See Castro*, 2018 WL 4870859

---

[7] The Fifth Circuit noted that generic burglary only extended to "'building[s] or other structure[s]'" and not vehicles, but it ultimately concluded that it did not need to decide whether the inclusion of vehicles in § 30.02(a)(1) rendered it nongeneric. *Id.* at 537-41.

at *2; *United States v. Maldonado-Flores*, 734 F. App'x 285, 286 (5th Cir. 2018); *United States v. Valle-Jaimes*, 733 F. App.x 200, 201 (5th Cir. 2018); *United States v. Stewart*, 732 F. App'x 314, 316 (5th Cir. 2018). In *Stewart*, the Court noted that it had denied the Government's request to stay the mandate in *Herrold* pending certiorari review by the Supreme Court. *See Stewart*, 732 F. App'x at 316. The Government's request for a stay pending Supreme Court action on the petition for writ of certiorari in *Herrold* should likewise be denied.

## VI. RECOMMENDATION

The Government's request for a stay should be **DENIED**, the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **GRANTED**, Movant's sentence should be **VACATED**, and he should be re-sentenced.

**SIGNED** this 10th day of December, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE